IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEN WERNER, | : | 1:09-cv-1444 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| WARRELL CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

July 20, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

Currently pending before this Court is the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion recommending that Defendant Warrell Corporation's ("Defendant' or "Warrell") Motion for Summary Judgment be granted and that this matter be closed. (Doc. 46). The R&R was filed on February 17, 2012, and the original period for objections lapsed on March 5, 2012. To date, no objections have been filed. However, the Court was aware of the passing of Plaintiff's counsel, Robert Mirin, Esq., and accordingly gave Plaintiff until July 30, 2012 to either obtain new counsel or to file *pro se* objections to the R&R. On July 17, 2012, Plaintiff Jen Werner ("Plaintiff") filed a *pro se* submission with the Court that we construe to be objections to the R&R. Thus,

this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety, summary judgment shall be granted in favor of the Defendants, and this case shall be closed.

**I.    BACKGROUND**

Magistrate Judge Mannion set forth the undisputed material facts in this matter at pages 1 through 7 of his R&R, thus we shall only endeavor to summarize the same herein. Plaintiff is a Taiwanese female who is approximately sixty years old. Plaintiff was originally employed by Defendant as a seasonal packer and was subsequently hired as a full-time packer.[1] Plaintiff's job duties included packing boxes for shipping, inspecting materials to be packed, and other tasks related to packaging shipments. Packers at Warrell must regularly lift and/or move up to 10 pounds and frequently lift and/or move up to 35 pounds.

After Plaintiff was hired by Warrell in the full-time position, she received seven Employee Reprimand/Discipline Reports. The first was issued on August 31, 2005 and the last was issued on June 16, 2006. The reprimands were received by Plaintiff for a variety of employee misconduct, including taking overlong breaks, causing a jam in the packing line, being involved in an altercation with a

---

[1] Plaintiff was hired as a seasonal packer on or about October 18, 2004. She was laid off, along with other seasonal employees, on November 24, 2004, as part of a seasonal layoff. Thereafter, on July 5, 2005, Plaintiff was called back to work as a full-time packer on the second shift.

2

co-worker, packing products that were damaged, and refusing a job assignment. On June 16, 2006, Plaintiff was indefinitely laid off from her employment based on the number of performance and relationship issues during Plaintiff's employment at Warrell.

Thereafter, Plaintiff filed administrative charges against Defendant with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). Thus, she has exhausted her administrative remedies. Plaintiff filed the instant action on July 24, 2009, asserting claims against Defendant for discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, the American with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff's complaint also alleges that she was retaliated against after she raised complaints of discrimination and harassment.[2]

The Defendant filed a Motion for Summary Judgment (Doc. 27) which was referred to Magistrate Judge Mannion for a R&R. Following full briefing on the Motion, the Magistrate Judge issued the instant R&R recommending that the Motion be granted. As noted above, Plaintiff filed *pro se* objections to the R&R on

---

[2] Notably, Plaintiff does not specifically set forth a sexual harassment/hostile work environment claim in her complaint, nor does she address any claim of this type in the briefing on the Motion.

July 17, 2012.

## II. STANDARD OF REVIEW[3]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## III. DISCUSSION

As noted above, Magistrate Judge Mannion recommends that summary

---

[3] We refer the reader to pages 8-10 of the R&R for a recitation of the standard of review applicable to summary judgment motions.

judgment be granted in favor of the Defendant on all of Plaintiff's claims. Specifically, the Magistrate Judge determined that all of Plaintiff's discrimination claims fail because the Plaintiff has not rebutted the Defendant's legitimate, non-discriminatory reason for her termination, namely the numerous Employee Reprimand/Discipline Reports received by Plaintiff during her employment as a full-time packer.

Plaintiff's objections, as well as her briefing on the summary judgment motion, claim that the Defendant's proffered reasons for her termination were pretextual. She argues in both submissions that several of the Employee Reprimand/Discipline Reports were false, inaccurate, or vague. However, and notably, Plaintiff does not point to *any* evidence in the record outside of her own contentions to support these assertions. As correctly noted by Magistrate Judge Mannion, bald assertions are insufficient to establish pretext. *See Grove v. Admiral Peary Area Vocational-Technical Sch.*, 221 Fed. Appx. 101, 104, n. 2 (3d Cir. 2007). Moreover, even if the court were to find that none of the seven Employee Reprimand/Discipline Reports were valid, the Plaintiff must do more than to show that the Defendant was "wrong or mistaken" in terminating her employment. *Tomasso v. Boeing Co.*, 445 F. 3d 702, 706 (3d Cir. 2005)(citing *Fuentes v. Perskie*, 32 F. 3d 759, 765 (3d Cir. 1994)). In her objections and in the

briefing, Plaintiff has failed to cite to any evidence in the record, aside from her own assertions or testimony, to support a finding that her termination was based on discriminatory criteria.

Accordingly, based on the foregoing, we shall adopt the Magistrate Judge's R&R in its entirety. The Defendant's Motion for Summary Judgment shall be granted and this case shall be closed.  An appropriate Order shall issue.